**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**MICHAEL N. KELSEY,**

                                        **Petitioner,**

    **vs.**                                                                **9:21-CV-348**
                                                                                    **(MAD/ATB)**

**DONNA LEWIN,**

                                        **Respondent.**

_____

**APPEARANCES:**                                        **OF COUNSEL:**

**MICHAEL N. KELSEY**
243 Hibernia Road
Salt Point, New York 12578
Petitioner, _pro se_

**OFFICE OF THE NEW YORK**                        **PAUL B. LYONS, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 24, 2021, Petitioner Michael N. Kelsey, then an inmate in the custody of the

New York State Department of Corrections and Community Supervision ("DOCCS"), filed a _pro

se_ petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  _See_ Dkt. No. 1.  In his

_____

[1] Petitioner was released from DOCCS' custody in May 2022 and is currently on parole, with a
maximum expiration date for supervision of October 2030.  _See_
https://nysdoccslookup.doccs.ny.gov/.  Although Petitioner has been released from confinement,
he is considered in state "custody" for purposes of his habeas petition because he remains under
state supervision.  _See Nowakowski v. New York_, 835 F.3d 210, 215-16 (2d Cir. 2016).

1

petition, Petitioner claimed that: (1) he was denied meaningful appellate review because of incomplete records; (2) he was denied effective assistance of trial and appellate counsel; (3) his conviction was based upon legally insufficient evidence and unconstitutional statutory authority; (4) the New York State Appellate Division ignored the federal ineffective assistance of counsel standard; (5) the state court denied Petitioner a fair, full, and adequate appellate review in his post-conviction proceeding; (6) his sentence was cruel and unusual; and (7) the state court judge was biased. *See id.* at 2-4.

In a Report-Recommendation dated March 28, 2023, Magistrate Judge Andrew T. Baxter recommended that the Court deny the petition in its entirety and deny a certificate of appealability. *See* Dkt. No. 40. Specifically, Magistrate Judge Baxter found Petitioner's claims were procedurally defaulted, unexhausted, and/or meritless. *See id.* at 23, 24, 27, 29-48, 51-54, 57, 58. Petitioner objected to the Report-Recommendation, and Respondent responded. *See* Dkt. Nos. 46, 52.[2]

## II. BACKGROUND

For a complete recitation of the relevant facts, the parties are referred to Magistrate Judge Baxter's March 28, 2023, Report-Recommendation. *See* Dkt. No. 40.

---

[2] Petitioner sought to file an oversized brief for his objections. *See* Dkt. No. 42. The Court granted the request and allowed Petitioner to file objections no longer than forty pages. *See* Dkt. No. 43. Petitioner filed objections that were sixty-four pages, which were thereafter stricken. *See* Dkt. No. 44. Petitioner refiled his objections which total forty pages. *See* Dkt. No. 46. However, Petitioner simply decreased the font of his previous objections. He stated that "[t]he 40-page version contains the same objections as the 64-page version." *Id.* at 1. As Respondent states, Petitioner "has [] filed revised Objections that, if properly formatted, would appear to run to well over 70 pages." Dkt. No. 52 at 5 n.3 (citing Dkt. No. 46; N.D.N.Y. L.R. 10.1.(a)). The Local Rules require all motions to be in 12-point font and double spaced, with one-inch margins. *See* N.D.N.Y. L.R. 10.1. Although the Court will consider the entirety of Petitioner's objections, he is cautioned that any future filings must comply with the Local Rules, or such filings will be stricken from the record.

## III. DISCUSSION

**A.    Standard of Review**

### *1.  AEDPA*

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254.  In discussing this deferential standard, the Second Circuit noted:

> a federal court may award habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication resulted in an outcome that: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Rodriguez v. Miller*, 439 F.3d 68, 73 (2d Cir. 2006), *cert. granted, judgment vacated, and case remanded on other grounds by*, 549 U.S. 1163 (2007) (quoting 28 U.S.C. § 2254(d)) (footnote omitted); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005).

In providing guidance concerning the application of this test, the Second Circuit has observed that:

> [A] state court's decision is "contrary to" clearly established federal law if it contradicts Supreme Court precedent on the application of a legal rule, or addresses a set of facts "materially indistinguishable" from a Supreme Court decision but nevertheless comes to a different conclusion than the Court did. [*Williams v. Taylor*, 529 U.S. 362,] 405-06 [(2000)]; *Loliscio v. Goord*, 263 F.3d 178, 184 (2d Cir. 2001). . . .  [A] state court's decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts" of the case before it.  *Williams*, 529 U.S. at 413.

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining whether a state court's determination was merely incorrect or erroneous, but instead whether such determination was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2009); *see also Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (citation omitted). Courts have interpreted "objectively unreasonable" to mean that "some increment of incorrectness beyond error" is required for the habeas court to grant the application. *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quotation omitted).

As the Second Circuit has instructed, "[t]he necessary predicate to this deferential review is, of course, that [the] petitioner's federal claim has been 'adjudicated on the merits' by the state court." *Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001)) (additional quotation marks omitted). "If a state court has not adjudicated the claim 'on the merits,' [Courts] apply the pre-AEDPA standards, and review *de novo* the state court disposition of the petitioner's federal constitutional claims." *Id.* (quotation and quotation marks omitted). "A state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when 'it (1) disposes of the claim "on the merits," and (2) reduces its disposition to judgment.'" *Norde v. Keane*, 294 F.3d 401, 410 (2d Cir. 2002) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)). To determine whether a state court has disposed of a claim on the merits, the Court must consider "'(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating

the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits.'" *Cotto*, 331 F.3d at 230 (quotation omitted).

##### 2. *Review of a Report-Recommendation*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the recommendations for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). Also, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also John L. M. v. Kijakazi*, No. 5:21-CV-368, 2022 WL 3500187, *1 (quoting *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013)) ("A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion. Properly raised objections must be 'specific and clearly aimed at particular findings' in the report"); *Bowman v. Racette*, No. 12-CV-4153, 2015 WL 1787130, *2 (S.D.N.Y. Apr. 20, 2015), *aff'd*, 661 Fed. Appx. 56 (2d Cir. 2016) (reviewing objections for clear error where they were "couched in conclusory language and repeat [] earlier arguments"). After the appropriate review, "a judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289,

295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has instructed that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The special solicitude due to a pro se litigant, however, depends upon that particular party's litigation experience, as "the degree of solicitude may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). Thus, "an attorney, even one who has been disbarred, is not entitled to the 'special solicitude' afforded to pro se litigants in construing the allegations of his pleading." *Allegrino v. Ruskin*, No. 19-CV-08900, 2021 WL 429121, *5 (S.D.N.Y. Feb. 8, 2021), *aff'd*, No. 21-CV-484, 2021 WL 5500084 (2d Cir. Nov. 24, 2021); *see also United States v. Pierce*, 649 Fed. Appx. 117, 117 n.1 (2d Cir. 2016) (holding that the defendant, who was automatically disbarred following his felony conviction, was not entitled to the special solicitude ordinarily afforded to pro se litigants); *Mitchell v. Con Edison*, 531 Fed. Appx. 140, 141 (2d Cir. 2013) (holding that a disbarred attorney is not entitled to special solicitude); In re Truong, 327 Fed. Appx. 260, 262 (2d Cir. 2009) (same). Petitioner is a former attorney who was automatically disbarred following his felony convictions. *See In re Kelsey*, 148 A.D.3d 257 (2d Dep't 2017) (disbarring Petitioner based on his felony convictions). Accordingly, Petitioner is not entitled to special solicitude.

**B.     Petitioner's Objections**

*1.  General Objections*

As an initial matter, Petitioner objects to the Report-Recommendation, arguing that Magistrate Judge Baxter did not address certain claims raised in the Petition and Traverse. *See*

Dkt. No. 46 at 3-7.  First, Magistrate Judge Baxter did not ignore Petitioner's claims raised in his Petition and instead addressed each of them, in turn.  Dkt. No. 40 at 37-38, 40-42, 47-48.  Second, it is well settled that "a traverse or reply is not the proper pleading in which to raise additional grounds for habeas relief."  *Parker v. Smith*, 858 F. Supp. 2d 229, 233 n.2 (N.D.N.Y. 2012) (citations omitted).  Thus, Petitioner's claims in his Traverse were not properly before Magistrate Judge Baxter and he did not err by omitting consideration of those arguments.  For example, Magistrate Judge Baxter addressed Petitioner's claim that his counsel was ineffective for failing to introduce witness statements that Petitioner refers to as "*Brady*[3] affidavits."  Dkt. No. 40 at 45. Petitioner objects that the "R/R overlooks the fact that the Petitioner did in fact explain that the police statements were admissible as business records when prosecution witness State Police Detective Jeffrey Rutledge testified."  Dkt. No. 46 at 15.  However, as Respondent states, "Petitioner appears to have asserted this claim for the first time in his Traverse, such that the claim is now barred."  Dkt. No. 52 at 14.  Thus, the Court finds no error in the Report-Recommendation's lack of discussion concerning the admissibility of the witness statements as business records because Magistrate Judge Baxter was not required to discuss anything raised for the first time in Petitioner's Traverse.

Further, as Respondent explains, Petitioner references documents in his objections that are not contained in the state court record.  *See* Dkt. No. 52 at 4-5 (citing Dkt. No. 46 at 7-8, 10, 13, 16).  "[R]eview under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Therefore, to the extent Petitioner references information that is not contained in the state court record, such evidence will not be considered by the Court.

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

Throughout his objections Petitioner refers the Court to his Petition and Traverse.  *See*

*generally* Dkt. No. 46.  Many of his objections merely restate the arguments he raised in his

Petition and Traverse and the Court will review the applicable sections of the Report-

Recommendation for clear error.  *See John L. M.*, 2022 WL 3500187, at *1 (citation omitted)

("To the extent a party makes 'merely perfunctory responses, argued in an attempt to engage the

district court in a rehashing of the same arguments' set forth in the original submission, the Court

will only review for clear error"); *Taylor v. Astrue*, 32 F. Supp. 3d 253, 261 (N.D.N.Y. 2012)

("[W]hen an objection merely reiterates the same arguments made by the objecting party in its

original papers submitted to the magistrate judge, the Court subjects that report-recommendation

to only a clear error review").

Finally, Petitioner objects that the Report-Recommendation's "selective fact reporting is

slanted to the State's case, to the prejudicial detriment of the Petitioner.  The proper role of a

habeas court is to advocate for the petitioner's constitutional rights, not merely defend the

institutions and judgments of the states."  Dkt. No. 46 at 5.  Petitioner is incorrect.  First, the

Court finds no clear error in Magistrate Judge Baxter's recitation of the state court records and

procedural history.  *See* Dkt. No. 40 at 4-12.  Second, the Court's role is not to advocate for

Petitioner.  Magistrate Judge Baxter's role was to review whether the state courts applied the law

correctly or violated Petitioner's rights, and this Court's role is to review Magistrate Judge

Baxter's conclusions.  Thus, Petitioner's objections in this regard are rejected.

### 2. Actual Innocence

Petitioner makes claims of actual innocence in his objections.  *See* Dkt. No. 46 at 3-5, 15-

17, 33.  In Magistrate Judge Baxter's Report-Recommendation, he noted that Petitioner can

overcome a procedural bar if Petitioner is "actually innocent."  Dkt. No. 40 at 15 (quotation

omitted); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar").  Magistrate Judge Baxter repeatedly concluded that the record was devoid of "any indicia of actual innocence."  Dkt. No. 40 at 48-51.  The Supreme Court has cautioned "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *McQuiggin*, 569 U.S. at 386 (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  "[T]he preexisting equitable authority of federal courts to hear barred claims if they are accompanied by a compelling showing of actual innocence survives the enactment of AEDPA and applies to claims otherwise barred by its statute of limitations, § 2244(d)(1)."  *Rivas v. Fischer*, 687 F.3d 514, 551 (2d Cir. 2012).

Here, as Respondent states, Petitioner did not clearly set forth any actual innocence claim in his petition.  *See generally* Dkt. No. 1; *see also* Dkt. No. 52 at 6.  In his list of the grounds he raised for habeas review, he did not allege actual innocence.  *See* Dkt. No. 1 at 2-4.  He appears to have attempted to raise the issue in his Traverse stating that he "maintains his claim of actual innocence" but that "the facts establish by clear and convincing evidence that but for constitutional errors described herein no reasonable jury would have found the Petitioner guilty."  Dkt. No. 37 at 51.  As Petitioner did not raise the claim in his Petition, Magistrate Judge Baxter did not clearly err by failing to address the more in-depth actual innocence arguments raised in Petitioner's Traverse.  *See Parker*, 858 F. Supp. 2d at 233 n.2 (N.D.N.Y. 2012).  Further, Magistrate Judge Baxter did not err in stating that Petitioner did not present "any indicia of actual innocence," Dkt. No. 40 at 48-49, because Petitioner "does not proffer new evidence establishing

his actual innocence." *Levola v. New York State Div. of Parole*, No. 9:12-CV-1185, 2014 WL 2106294, *8 (N.D.N.Y. May 20, 2014).  Nor has he persuaded the Court that "no juror, acting reasonably would have voted to find him guilty." *McQuiggin*, 569 U.S. at 386.  Petitioner states in his objections that he "may in fact be innocent as he claims" and he points the Court to his Traverse.  Dkt. No. 46 at 33.  This is insufficient to persuade the Court that he is actually innocent.  Therefore, Petitioner's objections are rejected on this ground.

### 3. Magistrate Judge Bias

Petitioner asserts that Magistrate Judge Baxter was biased in his Report-Recommendation. *See* Dkt. No. 46 at 3-7.  Evidence of bias may be shown if a judge has "a wrongful or inappropriate inclination or preconceived opinion toward a person or matter that improperly sways judgment and renders the judge incapable of performing official duties fairly and impartially." *Teachers4Action v. Bloomberg*, 552 F. Supp. 2d 414, 415 (S.D.N.Y. 2008). Petitioner's arguments that Magistrate Judge Baxter was biased and distorted the record are "overly general, conclusive, and speculative." *Foster v. Miller*, No. 04-CV-7990, 2007 WL 1893726, *3 (S.D.N.Y. June 29, 2007) (citations omitted).  Magistrate Judge Baxter's analysis was thorough and addressed all of Petitioner's claims that are in his Petition.  *See* Dkt. No. 40. Nothing in the Report-Recommendation demonstrates that Magistrate Judge Baxter was biased in his analyses or findings.  *See id.*  As such, Petitioner's objections are rejected on this ground.

### 4. Legal Sufficiency

Petitioner objects to Magistrate Judge Baxter's Report-Recommendation insofar as it discussed Petitioner's arguments concerning insufficient evidence to support his convictions for sexual abuse and endangering the welfare of a child.  *See* Dkt. No. 46 at 21.  He contends "that the Magistrate's analysis was both erroneous and unreasonable." *Id.*

Magistrate Judge Baxter accurately addressed Petitioner's argument that there was legally insufficient evidence to convict him. *See* Dkt. No. 40 at 17-23. Magistrate Judge Baxter noted "that many of [P]etitioner's legal sufficiency claims are either unexhausted or barred by an adequate and independent state law ground." *Id.* at 17. He explained that Petitioner did not raise his legal sufficiency claims on direct appeal aside from his claims concerning victims' interactions with Petitioner and the victims' testimony. *See id.* Magistrate Judge Baxter concluded that all other record-based legal sufficiency challenges were exhausted because Petitioner could no longer raise them, but were procedurally defaulted. *See id.*; *see also Wilson v. Heath*, 938 F. Supp. 2d 278, 294 (N.D.N.Y. 2013) ("[I]f a petitioner has failed to exhaust his state court remedies, and no longer has remedies available to pursue his claims, then they are deemed exhausted and are also procedurally defaulted"). Magistrate Judge Baxter then correctly explained the standard for overcoming a procedural bar which requires: "(1) both cause for failing properly to raise the claim in state court and prejudice resulting from the alleged constitutional error, or (2) that the failure to address the claim on habeas would result in a 'fundamental miscarriage of justice.'" Dkt. No. 40 at 17 (quoting *Coleman v. Thompson*, 501 U.S. 722 (1991)). As he stated, an ineffective assistance of counsel claim does not establish "cause" if the ineffective assistance of counsel claim was not exhausted in state court. *Id.* at 17-18; *see also King v. Mantello*, No. 98-CV-7603, 2003 WL 1873618, *2 (E.D.N.Y. Apr. 11, 2003) ("[T]he 'cause'—that is, the ineffective assistance of counsel claim—must also be presented first to the state court").

Petitioner contends that the insufficiency of the evidence used to convict him is demonstrated by "*Brady* police affidavits" that the Report-Recommendation did not discuss. Dkt. No. 46 at 3-4, 21. Petitioner asserts that Magistrate Judge Baxter did not "recognize that Petitioner documented that appellate counsel was cause of the prejudice of not introducing" the

insufficient evidence "claim on direct appeal." *Id.* at 7.  Petitioner also contends that he sent a letter to appellate counsel asking counsel to challenge "how the factual circumstances of the allegations do not correspond to the charges [he] was convicted of." *Id.*

First, Magistrate Judge Baxter repeatedly discussed Petitioner's purported *Brady* claims. *See* Dkt. No. 40 at 45, 49-50, 53-54.  Magistrate Judge Baxter noted that Petitioner "has failed to explain how the police statements at issue would have been admissible at trial.  Of the statements petitioner identifies, only two related to witnesses who actually testified at trial." *Id.* at 45. Magistrate Judge Baxter was also correct that "there is no evidence that petitioner was prejudiced as a result of any purported *Brady* violation by the prosecution," and "majority of out-of-court police statements would not have been admissible to impeach the government's witnesses, and there is otherwise no indication that petitioner was prejudiced as a result of his failure to obtain any *Brady* material from the prosecution." *Id.* at 50.

Petitioner argues that the "*Brady* affidavits" would have been admissible as business records.  *See* Dkt. No. 46 at 15; *see also* FED. R. EVID. 803(6).  However, witness affidavits are not business records, even if collected by police officers.  *See Chwojdak v. Schunk*, 213 A.D.3d 1310, 1312 (4th Dep't 2023) (quotations omitted) ("Although a police report is generally admissible as a business record . . . 'statements contained in the report concerning the cause of an accident constitute inadmissible hearsay unless' a relevant exception applies").  Second, Magistrate Judge Baxter did acknowledge Petitioner's contention that appellate counsel was the cause of the prejudice Petitioner suffered, but rejected the assertion because "[P]etitioner's ineffective appellate counsel claim cannot serve as the 'cause' for his failure to raise these claims in his direct appeal, because petitioner did not exhaust such a claim in state court." Dkt. No. 40 at 17-18 (citation omitted).  Petitioner does not present any authority to the contrary.  *See* Dkt. No.

46. Third, Plaintiff sending a letter to appellate counsel, which is not in the state court record, does not save Petitioner's claims from being procedurally barred. *See Garner v. Lee*, 908 F.3d 845, 860 (2d Cir. 2018). Thus, Magistrate Judge Baxter did not clearly err in his conclusion that Petitioner's legal sufficiency claims were procedurally barred.

### 5. Constitutionality of Sexual Abuse Statute

As to his challenge to the constitutionality of the state sexual abuse statute, Petitioner contends that "nowhere does the R/R respond or consider Petitioner's objections to" the statutory definition of "force." Dkt. No. 46 at 7. In his Traverse, "Petitioner cited PL 130.00(8)'s definition of 'forcible compulsion' as demonstrated proof, for which we note that all entries in PL 130.00 are labeled as statutory 'definitions.' There is no separate definition entry for 'forcible.'" Dkt. No. 37 at 27-28.

Contrary to Petitioner's contention, the Penal Law states that "[f]or the purposes of this section, forcible touching includes squeezing, grabbing or pinching." N.Y. Penal Law § 130.52. Magistrate Judge Baxter correctly stated that "[f]orcible compulsion is not, however, an element of forcible touching." Dkt. No. 40 at 23. Magistrate Judge Baxter also explained that

> [a]lthough DC[4] did not testify regarding the specific pressure that petitioner applied, the jury could have rationally concluded that petitioner applied "some level of pressure," based on DC's testimony that petitioner kept his hand on DC's penis for an extended period of time and continued to do so even as DC attempted to squirm away from him.

*Id.* at 22 (citing SR at 319, 350, 368, 1118). The Court agrees that because DC testified that Petitioner "pinned [him] in such a way that [he] couldn't move" and Petitioner "stroked his penis" for "around 10 or 20 minutes," a rational jury could conclude that such stroking involved

---

[4] All references to the victims, DC and JD, are abbreviated as they appear in the state court records.

"squeezing, grabbing or pinching."  SR at 320; N.Y. Penal Law § 130.52; *see also People v. Guaman*, 22 N.Y.3d 678, 684 (2014) ("[W]e hold that, when done with the relevant mens rea, any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts qualifies as a forcible touch within the meaning of Penal Law § 130.52"); *Johnson v. NYU Langone Health*, No. 22-CV-09456, 2023 WL 6393466, *3 (S.D.N.Y. Sept. 30, 2023) (same).  Thus, the Court finds no clear error in Magistrate Judge Baxter's rejection of Petitioner's legal insufficiency claims and rejects any challenge to the constitutionality of the penal code.

### 6. Prosecutorial Misconduct

As to Petitioner's prosecutorial misconduct claim, Petitioner "object[s] to the R/R's failures to acknowledge and discuss the police affidavits withheld from the Defense by law enforcement until the eve of trial," "that both cause and prejudice exist so that this claim is not procedurally defaulted," and he "continue[s] to argue that the prosecutor committed a *Brady* violation (i.e., is misconduct) when she took no steps to protect possible injustices."  Dkt. No. 46 at 3-4, 18.  However, as Magistrate Judge Baxter correctly noted, "on the first day of trial, the court asked whether discovery had been completed, and defense counsel did not raise any complaints about the status of the *Brady* material at any time during the trial."  Dkt. No. 40 at 49-50 (citing SR at 15).  Thus, the Court finds no clear error in Magistrate Judge Baxter's analysis or conclusion on this issue.

### 7. Ineffective Assistance of Appellate Counsel

As to Petitioner's ineffective assistance of appellate counsel claims, Magistrate Judge Baxter noted that Petitioner's claims were "largely general," but did include "some specific claims."  Dkt. No. 40 at 51.  The two specific claims concerned the failure of appellate counsel to file a section 440.10 motion and to raise a *Brady* claim on appeal.  *See id.*  Magistrate Judge

Baxter concluded that both claims were baseless because (1) there is no right to post-conviction counsel such as for filing a post-trial motion to vacate pursuant to N.Y. C.P.L. § 440.10; and (2) as Petitioner's *Brady* claims were meritless, appellate counsel could not be ineffective for failing to raise them. *See id.* at 52-54.

Petitioner "object[s] to the R/R's . . . claim that Petitioner complained 'in largely general terms that he was deprived of competent and effective appellate counsel,'" by directing the Court to his Petition and the state court records. Dkt. No. 46 at 19. He asserts that "the R/R's page 51 labeling as 'vague and conclusory'" is "misleading and errant." *Id.* at 19. Petitioner contends that Magistrate Judge Baxter's analysis "suggests at minimum a cursory or carless review of the evidence submitted in furtherance of the [H]abeas [P]etition, and more likely a failure to actually read the Habeas Response." *Id.* More specifically, Petitioner "object[s] to the R/R . . . inferences that because there is not a recognized right to counsel for post-conviction motions that appellate counsel cannot be found ineffective when he files an appeal without first expanding the record." *Id.* at 20. Petitioner argues that "while there may be no right to assistance of counsel for post-conviction motions, that the constitutional right of due process is recognized as a right in the appellate process." *Id.* Petitioner asks the Court to "reverse" Magistrate Judge Baxter's conclusion that Appellate Counsel was not ineffective concerning Petitioner's *Brady* claims. *Id.* at 21.

Respondent correctly points out that "the Magistrate Judge was clearly familiar with all of [P]etitioner's claims and construed them liberally where necessary. Even with this liberal construction, the Magistrate Judge was unable to discern a coherent claim, and thus properly found it non-cognizable." Dkt. No. 52 at 15. Respondent argues that "the record clearly shows

that [Petitioner] did not file a *coram nobis* motion asserting the relevant claims of appellate

counsel ineffectiveness." *Id.*

It is well settled that "[u]nder New York law, [a defendant is] required to raise a challenge

to the effectiveness of appellate counsel by writ of error *coram nobis*." *Brooks v. Walker*, No.

9:01-CV-760, 2006 WL 1875103, *4 (N.D.N.Y. July 3, 2006) (citations omitted).  Petitioner did

raise an ineffective assistance of appellate counsel claim in his writ of error *coram nobis*.  *See* SR

at 998-1003.  However, Petitioner did not assert that his appellate counsel was ineffective for

failing to assert an insufficient evidence claim.  *See id*.  Additionally, as Magistrate Judge Baxter

explained, "a criminal defendant has no right to counsel beyond his first appeal in pursuing state

discretionary or collateral review." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *see also*

Dkt. No. 40 at 44; *Shinn v. Ramirez*, 596 U.S. 366, 383 (2022) (quotations omitted) ("[B]ecause

there is no constitutional right to counsel in state postconviction proceedings, a prisoner ordinarily

must 'bea[r] responsibility' for all attorney errors during those proceedings.  Among those errors, a

state prisoner is responsible for counsel's negligent failure to develop the state postconviction

record").  Finally, because the Court finds no clear error in Magistrate Judge Baxter's conclusion

concerning Petitioner's *Brady* claims, the Court finds no error in his conclusion on the ineffective

assistance of appellate counsel claim.  Therefore, the Court finds no clear error in Magistrate

Judge Baxter's conclusion as to Petitioner's ineffective assistance of appellate counsel claims.

### 8. Incomplete Trial Record

Petitioner also objects to the Report-Recommendation's conclusion that Petitioner's claim

that the trial record was incomplete did not warrant habeas relief.  *See* Dkt. No. 46 at 28; Dkt. No.

40 at 24-27.  Petitioner states that "the R/R's page 26-27's AEDPA analysis defies its own p.13

rule that 'the Supreme Court has held that circuit and district court decisions do not constitute

16

clearly established Federal Law, as determined by the Supreme Court,'" because Magistrate Judge

Baxter cited to a federal district court opinion.  Dkt. No. 46 at 28; *see also* Dkt. No. 40 at 24

(citing *Chappelle v. Griffin*, No. 9:16-CV-1130, 2017 WL 2601885, *6 n.2 (N.D.N.Y. June 15,

2017).  As Respondent states, "Petitioner . . . overlooks the R&R's recitation of well-settled law

that lower court decisions may be employed to illustrate the 'possibility of fairminded

disagreement, sufficient to justify denying the writ.'"  Dkt. No. 52 at 17 (citing Dkt. No. 40 at 13-

14; *White v. Woodall*, 572 U.S. 415, 422 n.3 (2014)) (additional quotation marks omitted).  The

Court agrees with Magistrate Judge Baxter that circuit and district court decisions do not

constitute clearly established federal law.  *See* Dkt. No. 40 at 13; *see also Drake v. Portuondo*,

553 F.3d 230, 239 (2d Cir. 2009) (quotation omitted) ("'Clearly established Federal law . . . refers

to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the

relevant state-court decision'").  However, the Court does not discern any instance where

Magistrate Judge Baxter applied circuit or district court decisions to conclude that the state court

did not err.  Rather, he appears to have cited *Chappelle* as an example where a district court came

to the same conclusion as Magistrate Judge Baxter.  *See Chappelle*, 2017 WL 2601885, at *6 n.2.

Petitioner presents no authority to support a conclusion that use of another district court case as an

example to support a conclusion is error.  Without such clear error, Petitioner's objections are

rejected.

### 9. Preclusion of Evidence

Magistrate Judge Baxter rejected Petitioner's arguments that the trial court erred in

precluding certain evidence because the claims were procedurally barred or meritless, or the state

court's decisions were not the result of an unreasonable application of established federal law.

*See* Dkt. No. 40 at 27-29.  Specifically, Magistrate Judge Baxter concluded that Petitioner's

arguments as to evidence of a medical report and a photograph of his car were not improperly precluded because there was no evidence that defense counsel attempted to call the expert as a witness and defense counsel expressly withdrew his attempt to introduce the photograph into evidence.  *See id.* at 28-29.

The only construable objection Petitioner makes is in a footnote stating:

> Except that Dr. Smith's Report and the car photographs were not admitted because allegedly he did not meet discovery deadlines, and he did not challenge the control call, he did not admit the *Brady* affidavits, he did not call expert witnesses, etc. etc.  This Magistrate and his Report and Recommendation has lost any credibility [they] [sic] might otherwise have had.

Dkt. No. 46 at 12 n.8.  As Magistrate Judge Baxter explained, defense counsel did not call an expert witness or seek to admit an expert report and he withdrew his attempt to admit a photograph of Petitioner's car.  *See* Dkt. No. 40 at 27-29.  Thus, as Magistrate Judge Baxter concluded, the state court cannot be found to have erred where Petitioner did not seek to admit certain evidence or call a specific witness.  The Court finds no clear error in this conclusion.

### *10. Sentencing*

Petitioner objects to the Report-Recommendation's conclusion on his sentencing claim. Dkt. No. 40 at 54-57.  Petitioner states that Magistrate Judge Baxter mischaracterized "that it was trial counsel who threatened a severe prison sentence if the mid-trial no-prison plea offer was not accepted." Dkt. No. 46 at 22 (emphasis omitted).  Petitioner contends that "it was the trial judge who made such a threat." *Id.* (emphasis omitted).  Respondent correctly points out that the state court record corroborates Magistrate Judge Baxter's finding that defense counsel made this alleged assertion, not the trial judge.  *See, e.g.*, Dkt. No. 52 at 16; Dkt. No. 40 at 56; Dkt. No. 27 at 101; SR at 1211.  Magistrate Judge Baxter's conclusion on this issue is free from clear error as

Petitioner does not cite a record, nor does the Court discern one, which contains a threat from the trial judge to Petitioner concerning a plea deal and his sentence.

### 11. Bias of State Court Judge

Petitioner objects to Magistrate Judge Baxter's finding that "[P]etitioner's suggestions of bias and/or a conflict of interest are entirely contradicted by the record before this court, and find no basis in law." Dkt. No. 40 at 58. He contends that Magistrate Judge Baxter's conclusion is "overly vague, broad, and does not address any of the Petition's claims with specificity so as to justify the R/R's ruling that the '[P]etitioner is not entitled to habeas relief and [that] this claim should be dismissed.'" Dkt. No. 46 at 22. However, Magistrate Judge Baxter's findings did not require him to directly recite each instance of alleged judicial bias; rather his review of the record found that all of "[P]etitioner's suggestions of bias and/or a conflict of interest" were meritless. Dkt. No. 40 at 58. Petitioner's objections do not suggest otherwise. Petitioner "direct[s]" the Court to his Petition, Traverse, and the state court records to demonstrate "the very real conflict of interest complaint about that claims it violates fairness for the same out-of-county judge to decide a post-conviction motion that complains of his own bias." Dkt. No. 46 at 23. However, none of the citations present evidence that the state court judge's decision or conduct was the result of "'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Lane v. Graham*, No. 9:14-CV-01261, 2016 WL 154111, *12 (N.D.N.Y. Jan. 12, 2016) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Petitioner cites eight cases in his objections but does not explain how any support a conclusion of bias. *See* Dkt. No. 46 at 23 (collecting cases). After reviewing the eight cases, it is not clear how any of them support a conclusion that Magistrate Judge Baxter erred. Rather, the Court finds no clear error in the conclusion that Petitioner did not demonstrate the state court judge's bias. Petitioner's objections are rejected on this issue.

### *12. Ineffective Assistance of Trial Counsel*

Much of Magistrate Judge Baxter's Report-Recommendation focuses on Petitioner's ineffective assistance of trial counsel claims. *See* Dkt. No. 40 at 29-49. Petitioner "object[s] to the R/R's . . . cause and prejudice analysis in that 'the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable,' noting also that 'this is different from asking whether defense counsel's performance fell below *Strickland*'s standards.'" Dkt. No. 46 at 8. Petitioner explains that his "main objection here is as the Petition [] argued that New York courts do not adhere to the *Strickland* ineffective assistance test opting instead for their own version." *Id.* (emphasis deleted).

Magistrate Judge Baxter correctly explained in his Report-Recommendation that to assert an ineffective assistance of counsel claim, Petitioner must satisfy the two-prong *Strickland* test: that counsel's performance was deficient, and that Petitioner suffered prejudice as a result of counsel's deficiencies. Dkt. No. 40 at 30 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Magistrate Judge Baxter also correctly noted that the state court's application of the *Strickland* standard must be unreasonable to warrant habeas relief. *Id.* at 30-31. He concluded that most of Petitioner's claims were barred because of adequate and independent state grounds and that alternatively, trial counsel's performance was not deficient and prejudicial. *See id.* at 31-49.

Petitioner repeatedly objects to Magistrate Judge Baxter "rubber stamping" the state courts' decisions. Dkt. No. 46 at 29. He also objects to the AEDPA and section 440.10, arguing that the statutes are unconstitutional. *See id.* at 24-26; *see also* N.Y. C.P.L. § 440.10; 28 U.S.C. § 2254. Magistrate Judge Baxter explained the correct standards under AEDPA and the deferential review that he is required to apply. *See* Dkt. No. 40 at 12-14; *see also Waiters v. Lee*, 857 F.3d

466, 477 (2d Cir. 2017) (footnote omitted) ("AEDPA by its terms requires substantial deference to the state court's decision in all cases governed . . . by § 2254(d)").  In reviewing the state court decisions, he did not "rubber stamp" the conclusions, but considered the issues thoughtfully and thoroughly and used case law to support his determinations.  *See* Dkt. No. 40.  Additionally, the AEDPA has been repeatedly held to be constitutional and Petitioner's challenges to the statute are without merit.  *See* Diane P. Wood, *The Enduring Challenges for Habeas Corpus*, 95 NOTRE DAME L. REV. 1809, 1818 (2020) (footnotes omitted) ("The constitutionality of these changes has been upheld by the Supreme Court").

Petitioner challenges Magistrate Judge Baxter's conclusions that Petitioner's ineffective assistance of counsel claims did not warrant habeas relief because the state court's decision on Petitioner's section 440.10 motion was based on an adequate and independent state ground.  *See* Dkt. No. 40 at 30-31.  That ground rests on the procedural rule set forth in section 440.10(2)(c) that Petitioner is required to first raise his arguments on direct appeal.  *See* N.Y. C.P.L. § 440.10(2)(c) ("[T]he court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal . . . or to his or her unjustifiable failure to raise such ground or issue upon an appeal actually perfected . . .").

Magistrate Judge Baxter did not discuss whether section 440.10 is constitutional.  *See generally* Dkt. No. 40.  However, Magistrate Judge Baxter correctly determined which claims were barred from habeas review on adequate and independent state grounds because of section 440.10's procedural requirements.  *See* Dkt. No. 40 at 15-16, 30-31, 46.  He also reviewed the

merits of all but one of Petitioner's claims.  *See id.* at 31-49.  Further, Petitioner's challenge to the constitutionality of section 440.10 is meritless.  In his petition, Petitioner argued that section 440.10 is "indadequat[e], unfair[] and incomplete[]."  Dkt. No. 1-1 at 23.  In his objections, he contends that he "objects" to the "adequate and independent state ground doctrine" "in theory as well as in practice."  Dkt. No. 46 at 24.  Neither statement sufficiently sets forth a constitutional challenge to section 440.10.  Thus, the Court finds no error in Magistrate Judge Baxter's Report-Recommendation on this ground.

In her response to Petitioner's objections, Respondent notes that N.Y. C.P.L.R. § 440.10(2)(c) was amended, effective October 25, 2021, to read that

> (c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his or her unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him or her *unless the issue raised upon such motion is ineffective assistance of counsel . . . .*

N.Y. C.P.L. § 440.10(2)(c) (emphasis added).  Respondent contends that "[t]he case law is unsettled as to whether the amendment would apply to [P]etitioner's case, given that, among other things, the CPL § 440.10 order was issued and became final prior to the amendment's October 25, 2021 effective date."  Dkt. No. 52 at 21.  Respondent acknowledges that Magistrate Judge Baxter denied the majority of Petitioner's ineffective assistance of counsel claims both on procedural and merits-based grounds.  *See id.* at 22.  However, Magistrate Judge Baxter denied Petitioner's ineffective assistance of counsel claim as it relates to trial counsel impeaching victims on cross examination solely on procedural grounds.  *See id.*; *see also* Dkt. No. 40 at 46-47.  Thus, the

Court will review all of Magistrate Judge Baxter's conclusions and consider the merits of Petitioner's ineffective assistance of counsel claim related to the impeachment of victims.

"[T]he *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quotation omitted). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* (citing *Strickland*, 466 U.S. at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Therefore, "a *Strickland* claim evaluated under the § 2254(d)(1) standard" is evaluated "[u]nder [a] doubly deferential judicial review." *Knowles*, 556 U.S. at 123 (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

Petitioner argues that the state court applied the wrong standard to his ineffective assistance of counsel claims. *See* Dkt. No. 46 at 8-9. Magistrate Judge Baxter applied the appropriate federal standard: *Strickland*. *See* Dkt. No. 40 at 30. The state court did not apply *Strickland*, but, as Petitioner states, applied the New York State standard asking whether a defendant was "provided meaningful representation." SR at 888.

As explained by the Second Circuit, "New York's test for ineffective assistance of counsel under the state constitution differs from the federal *Strickland* standard. The first prong of the New York test is the same as the federal test." *Rosario v. Ercole*, 601 F.3d 118, 124 (2d Cir. 2010). However, "[t]he difference arises in the second prong of the *Strickland* test. In New York, courts need not find that counsel's inadequate efforts resulted in a reasonable probability that, but

23

for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*
"Instead, the 'question is whether the attorney's conduct constituted egregious and prejudicial
error such that defendant did not receive a fair trial.'" *Id.* (quoting *People v. Benevento*, 91
N.Y.2d 708, 713 (1998)). "Thus, under New York law the focus of the inquiry is ultimately
whether the error affected the 'fairness of the process as a whole.'" *Id.* (quotation omitted). The
Second Circuit noted that "[t]he New York Court of Appeals clearly views the New York
constitutional standard as more generous toward defendants than *Strickland*." *Id.* (quotation
omitted). However, "the New York 'meaningful representation' standard is not contrary to the
*Strickland* standard." *Id.* (quoting *Eze v. Senkowski*, 321 F.3d 110, 123-24 (2d Cir. 2003)).

Thus, although Magistrate Judge Baxter did not discuss the state court's application of the
New York standard, the Court agrees with Magistrate Judge Baxter and finds no error in the state
court's decisions. *See* Dkt. No. 40 at 29-49.

Regarding the alleged failure of defense counsel to move to dismiss the forcible touching
charge, Magistrate Judge Baxter noted that although the claim is barred on adequate and
independent state grounds, trial counsel did move to dismiss the charge, and any motion would
have been meritless. *See id.* at 31-32. Petitioner raises no specific objections to this section of the
Report-Recommendation. *See generally* Dkt. No. 46. Magistrate Judge Baxter also concluded
that the state court's decision to deny Petitioner the right to represent himself did not unreasonably
apply Supreme Court precedent. *See* Dkt. No. 40 at 44-45. Petitioner has not objected to this
section of the Report-Recommendation. *See generally* Dkt. No. 46. Therefore, the Court reviews
these sections of the Report-Recommendation for clear error and finds none.

Magistrate Judge Baxter also concluded that Petitioner is not entitled to habeas relief for
his trial counsel's alleged failure to preserve the legal insufficiency claim. Dkt. No. 40 at 32-33.

This is because the failure to make a meritless motion cannot be the basis for habeas relief and even if Petitioner had shown that counsel's conduct fell below *Strickland* standards, Petitioner did not prove that he suffered prejudice as a result. *Id.* at 33. Petitioner objects that "[t]he Magistrate decline[d] to conduct [his] own assessment, even when the habeas petition complain[ed] that the state court was not applying the *Strickland* standard." Dkt. No. 46 at 29 (citing Dkt. No. 1-1 at 13-15; Dkt. No. 37 at 39-42). Although the state court did not apply *Strickland*, its decision is not contrary to established law as the standard the state court applied is more liberal than *Strickland*. *See Rosario*, 601 F.3d at 124-26. The Court finds no clear error in Magistrate Judge Baxter's conclusion.

Petitioner next objects to Magistrate Judge Baxter's conclusion that trial counsel was not ineffective for failing to object to the admission of prior bad acts. *See* Dkt. No. 46 at 31. Petitioner's objections refer the Court to his Traverse and Petition. *See id.* at 30. He also cites *Fry v. Pliler*, 551 U.S. 112 (2007) and *Wood v. Ercole*, 644 F.3d 83 (2d Cir. 2011) to support the contention that the state courts erred in considering the ineffective assistance of counsel claims, arguing that appellate courts are required "to apply a 'substantial and injurious effect test.'" Dkt. No. 46 at 28.

It is true that in *Fry*, the Supreme Court held "that in § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect.'" *Fry*, 551 U.S. at 121; *see also Wood*, 644 F.3d at 93-94 (restating the standard set forth in *Fry*). However, Magistrate Judge Baxter concluded that the state court did not unreasonable apply *Strickland* and that trial counsel was not ineffective because trial counsel objected to their admission. *See* Dkt. No. 40 at 35-36. The Court finds no clear error in either conclusion because trial counsel initially objected to admission of the prior

bad act evidence and the appellate court reasonably concluded that trial counsel did not err.  *See*

SR at 35-37, 38-44, 888-89.  Thus, Magistrate Judge Baxter was not required to reach the

substantial and injurious effect question because Petitioner did not first establish that it was error

to admit the prior bad act evidence.  *See Gumbs v. Stanford*, No. 22-CV-4659, 2023 WL 5928454,

*3 (S.D.N.Y. Sept. 12, 2023) (quotations omitted) ("Because the Appellate Division determined

that the trial court's *error* was harmless, Petitioner is only entitled to habeas relief if he can show

that the error: (1) had a 'substantial and injurious effect or influence' on the jury's verdict; and (2)

that, under 28 U.S.C. § 2254(d)(1), the Appellate Division's harmless-error determination was an

'unreasonable application' of clearly established federal . . . , or, under § 2254(d)(2), was based on

an unreasonable determination of the facts").

Petitioner relies on *Michelson v. United States*, 335 U.S. 469 (1948) to support the

proposition that "character evidence is not permitted in [a] criminal trial."  Dkt. No. 46 at 30.

However, that case expressly held that "[t]he inquiry as to an arrest is permissible also because the

prosecution has a right to test the qualifications of the witness to bespeak the community

opinion."  *Id.* at 483.  In fact, it should be "note[d] that admission of prior convictions is not itself

a constitutional violation."  *Lopez v. Graham*, No. 11-CV-7729, 2014 WL 2940855, *12

(S.D.N.Y. June 30, 2014) (citing *Spencer v. Texas*, 385 U.S. 554, 560–561 (1967); *Michelson*,

335 U.S. at 482-86; *United States v. Belt*, 514 F.2d 837, 839, 849-850 (D.C. Cir. 1975)).  Such an

admission, subject to certain caveats, is expressly allowed.  *See* FED. R. EVID. 404(b), 609(a);

*People v. Molineux*, 168 N.Y. 264, 264-65 (1901).

Petitioner also:

> [O]bject[s] to the Magistrate[']s[] p.34 attempts to justify the
> [s]tate [c]ourt's *ex post facto* attempt to determine a non-propensity
> purpose for introducing the alleged prior bad acts and for falsely

claiming that the trial record showed the trial judge weighed the
probative value against the risk of undue prejudice when no such
indication is present in the trial transcript.

Dkt. No. 46 at 29 (emphasis deleted).  Contrary to Petitioner's contentions, the trial judge held a

conference, on the record, in chambers with counsel regarding the admission of the prior bad acts

where he heard from both the prosecution and defense regarding that admission.  *See* SR at 259-

60, 889.  Therefore, Magistrate Judge Baxter was correct in determining that the Appellate

Division's decision "was not an unreasonable application of clearly established federal law

warranting habeas relief."  Dkt. No. 40 at 34.

Petitioner states that "[n]o sound trial strategy would allow negative character testimony

into a trial without objection.  No sound trial strategy would permit a jury to go into the jury room

without limiting instructions from the judge as to how not to use the negative testimony they

heard." Dkt. No. 46 at 30.  However, Petitioner's counsel expressly declined a limiting instruction

on that evidence.  *See* SR at 276.  Further, in some situations, "counsel may reasonably conclude

that it is strategically preferable to omit [] a request [for a limiting instruction,] since the

instruction might have the undesired effect of highlighting the" evidence of other bad acts.  *Buehl

v. Vaughn*, 166 F.3d 163, 170 (3d Cir. 1999).  Thus, as Magistrate Judge Baxter concluded,

"[u]nder the doubly deferential judicial review that applies to a *Strickland* claim evaluated under

the § 2254(d)(1) standard, [Petitioner]'s ineffective-assistance of counsel claim fails." *Knowles*,

556 U.S. at 123; *see also* Dkt. No. 40 at 36.

Petitioner next objects that there were expert witnesses who could have testified had it not

been for counsel's deficiencies.  *See* Dkt. No. 46 at 9-11.  The Report-Recommendation addressed

this argument and concluded that the state courts did not unreasonably apply federal law in

concluding that counsel was not ineffective. Dkt. No. 40 at 38-40.  As Respondent explains,

"[P]etitioner failed to offer proof in state court that a qualified expert was ready, willing, and able to testify." Dkt. No. 52 at 12 (citing Dkt. No. 27 at 71, 84-86). The Court agrees that "[i]f counsel had made a timely request for the expert witness, there is no evidence it would have changed the outcome of the trial, *i.e.*, there was no prejudice to Petitioner." *Dayton v. LaValley*, No. 11-CV-1261, 2014 WL 13023993, *6 (E.D.N.Y. Jan. 15, 2014).

In his objections, Petitioner reiterates the same statements he made in his prior filings: he has e-mails which document his desire to retain an expert for trial. *See* Dkt. No. 46 at 16; Dkt. No. 1-1 at 39-40; Dkt. No. 37 at 49-51. However, those e-mails are not in the state court record, nor do they establish that an expert was willing and available to testify. *See United States v. Eyman*, 313 F.3d 741, 743 (2d Cir. 2002) (citations omitted) ("A failure to call a witness for tactical reasons of trial strategy does not satisfy the standard for ineffective assistance of counsel"); *Dunn v. Reeves*, 594 U.S. —, 141 S. Ct. 2405, 2410 (2021) (quotations and quotation marks omitted) ("As to counsel, we have often explained that strategic decisions—including whether to hire an expert—are entitled to a 'strong presumption' of reasonableness. Defense lawyers have limited time and resources, and so must choose from among countless strategic options. Such decisions are particularly difficult because certain tactics carry the risk of harm[ing] the defense by undermining credibility with the jury or distracting from more important issues").

In Petitioner's objections, he lists witnesses who allegedly could have testified at his trial as well as the testimony they would have given. *See* Dkt. No. 46 at 13-15. However, as Magistrate Judge Baxter correctly explained, "'[t]he decision to call, or not call, a witness is a classic example of trial strategy,' and the decision of 'whether to call a specific witness–even ones that might offer exculpatory evidence–is ordinarily not viewed as a lapse in professional

28

representation.'"  Dkt. No. 40 at 43 (quoting *Moore v. Kirkpatrick*, No. 09-CV-0457, 2011 WL 1233124, *14 (W.D.N.Y. Mar. 30, 2011); citing *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997)).  The Court notes that there is an affidavit in the state court record which appears to corroborate Petitioner's contention that additional witnesses were prepared to testify at his trial.  *See* SR at 1536-57.  However, Magistrate Judge Baxter did not clearly err in concluding that the state court decisions did not unreasonably apply federal law where the decision to call witnesses is given deference and the record evidences trial counsel's intention to steer the jury away from Petitioner's mental health.  *See* Dkt. No. 40 at 39-40.

Additionally, Petitioner does not object to Magistrate Judge Baxter's conclusion that the state court "reasonably determined that counsel had no basis to ask for a jury charge on the voluntariness of the call, as [P]etitioner's testimony, and the call itself, did not raise issues of involuntariness."  Dkt. No. 40 at 40; *see also* Dkt. No. 46 at 9-11.  The Court finds no clear error in that conclusion.

Petitioner objects to Magistrate Judge Baxter's conclusion that trial counsel was not ineffective for allegedly failing to prepare for trial.  *See* Dkt. No. 46 at 11-12; *see also* Dkt. No. 40 at 42-44.  Petitioner contends that Magistrate Judge Baxter "abandon[ed]" and "ignore[d]" the *Strickland* standard.  Dkt. No. 46 at 11-12.  In his Report-Recommendation, Magistrate Judge Baxter repeatedly noted his reliance on *Strickland*.  *See* Dkt. No. 40 at 30-31, 33, 36, 39, 43, 45, 52.  As to counsel's preparation for trial, the Court finds no clear error in Magistrate Judge Baxter's conclusion that trial counsel is afforded significant deference in determining what evidence to present or witnesses to call and the state court did not unreasonably determine as such.  *See id.* at 43-44; *see also* SR at 888-889, 1715-16.

Magistrate Judge Baxter then addressed Petitioner's argument that his counsel failed to introduce a photograph of Petitioner's car into evidence.  Dkt. No 40 at 48.  Petitioner contends that his habeas petition "amply explain[s] the prejudice that Petitioner suffered when the photographs of the crime scene were not introduced at trial" and that this was ineffective trial and appellate counsel.  Dkt. No. 46 at 17.  He also notes that he "explicitly directed the Court to review the CPL 440.10 motion."  *Id.*  Magistrate Baxter did review Petitioner's 440.10 motion and noted that Petitioner raised the issue in that motion.  *See* Dkt. No. 40 at 48.  Magistrate Judge Baxter also correctly concluded that Petitioner's claim is barred on adequate and independent state grounds because the section 440.10 court denied Petitioner's motion for failure to raise it on direct appeal.  *See id.*  Further, although section 440.10(2)(c) has been amended, the section 440.10 court and Magistrate Judge Baxter also denied Petitioner's claim on the merits.  *See id.* at 48 n.13.  Magistrate Judge Baxter also noted that ineffective assistance of counsel "cannot serve as the cause to excuse his procedural default."  *Id.* at 48.  Magistrate Judge Baxter denied the claim on the merits "under AEDPA standards for the reasons set forth in [R]espondent's memorandum of law."  *Id.* (citing Dkt. No. 27 at 86-88).  As explained in Respondent's memorandum, Petitioner's counsel, after conferring with Petitioner, withdrew his attempt to introduce the photograph into evidence.  *See* SR at 911.  Trial counsel is afforded substantial deference in determining what evidence to admit and Petitioner has not established prejudice where he was able to testify concerning his position in the car on the evening of the incident underlying his conviction.  Based on the foregoing, the Court finds no clear error on this issue.

Magistrate Judge Baxter noted that Petitioner raised his ineffective assistance of counsel concerning the impeachment of victims for the first time in his section 440.10 motion.  *See* Dkt. No. 40 at 46.  Magistrate Judge Baxter concluded that the state court's denial of Petitioner's claim

was based "upon an independent and adequate state ground, and federal review of the claim is barred." *Id.* Magistrate Judge Baxter noted that the Court would only consider the merits of a procedurally barred claim if Petitioner established cause and prejudice or actual innocence. *See id.*

As Respondent states, section 440.10(2)(c) was amended after the state court's decision was final, *see* Dkt. No. 52 at 20, and the New York Court of Appeals has not instructed whether the amendment is retroactive. Even if the Court considers the merits of the issue, Petitioner has not established that counsel was constitutionally ineffective.

Petitioner argues that trial counsel was ineffective because "trial counsel failed to subject the Petitioner's accusers to meaningful adversarial testing that resulted in convicting an innocent man of not only the charged crimes but various acts claimed to be both prior and bad." Dkt. No. 46 at 17. The state court record reflects considerable cross examination of the victims. *See* SR at 409-17, 423-30, 909, 995, 1800-1807. It is well settled that "[d]ecisions about 'whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature' and generally will not support an ineffective assistance claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002) (quoting *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987)). Petitioner has not presented evidence to rebut this presumption and the state court's decision to deny Petitioner's section 440.10 motion was not contrary to established federal law. Thus, the Court finds no error in Magistrate Judge Baxter's denial of the petition on this ground.

### 13. Evidentiary Hearings

Petitioner notes in his objections that he attached eleven motions to his habeas petition requesting an evidentiary hearing. *See* Dkt. No. 46 at 34. In his Petition, after setting forth his argument on a particular issue, Petitioner stated that he was "entitled to a hearing on this point as

required under Townsend v. Sain and/or Tamayo-Reyes." Dkt. No. 1-1 at 12, 18, 22, 26, 28, 30-31, 33-34.  The Supreme Court, in *Townsend v. Sain*, concluded that "[w]here an unresolved factual dispute exists, demeanor evidence is a significant factor in adjudging credibility.  And questions of credibility, of course, are basic to resolution of conflicts in testimony."  372 U.S. 293, 322 (1963) (footnote omitted).  The Supreme Court continued, stating that "[t]o be sure, the state-court record is competent evidence, and either party may choose to rely solely upon the evidence contained in that record, but the petitioner, and the State, must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed issues."  *Id.* (footnote omitted).  *Townsend* was overruled by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), which held that a party be afforded "an evidentiary hearing if he can show cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure."  *Id.* at 11.  Additionally, "[a] habeas petitioner's failure to develop a claim in state-court proceedings will be excused and a hearing mandated if he can show that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing."  *Id.* at 12.

In 2022, the Supreme Court noted that "[f]ederal courts, years later, lack the competence and authority to relitigate a State's criminal case."  *Shinn*, 596 U.S. at 390.  Thus, the Supreme Court declined to expand "§ 2254(e)(2)'s narrow exceptions to AEDPA's 'genera[l] ba[r on] evidentiary hearings.'"  *Id.* (quoting *McQuiggin*, 569 U.S. at 395).  Section 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall *not* hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (emphasis added).  Petitioner has not established that his claims rely on a new rule of constitutional law or on facts that could not have been earlier discovered.  *See id.*; *see also* Dkt. No. 46.  Thus, Petitioner's objections are rejected on this issue.

## C.    Certificate of Appealability

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1).  A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  Petitioner has failed to make such a showing with regard to any of his claims, and the Court declines to issue a Certificate of Appealability in this matter.

## IV. CONCLUSION

After carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 40) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the petition for writ of habeas corpus (Dkt. No. 1) is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: January 18, 2024
      Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**

34